# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS, | ) ) ) ) ) | |
| | ) | District Judge: |
| Plaintiffs, | ) ) | Magistrate Judge: |
| | ) | |
| vs. | ) ) | Case No: |
| RUANE CONSTRUCTION, INC., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, the Construction Industry Retirement Fund of Rockford, Illinois, and the Construction Industry Welfare Fund of Rockford, Illinois, by their attorneys, WilliamsMcCarthy LLP, bring this Complaint against Defendant, Ruane Construction, Inc.

### COUNT I
### (Failure to Pay Contributions to the Funds)

1. Jurisdiction in this cause is based upon §301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois and The Construction Industry Welfare Fund of Rockford, Illinois are administered in Rockford, Illinois (collectively referred to as "the Funds" or "Plaintiffs").

4.     The Funds are multi-employer benefits plans withing the meaning of ERISA. They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5.     Defendant is engaged in the construction industry and doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA and § 301(a) of the LMRA.

6.     Cement Masons and Plasterers Local No. 11, ("the Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7.     On or about June 19, 1998, Defendant entered into a Memorandum of Agreement with the Union, evidence of which is attached hereto as Exhibit A.

8.     Under the terms of the Memorandum of Agreement, and the Collective Bargaining Agreement and Trust Agreements incorporated therein (the "Agreements"), Defendant is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which it identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

9.     Under the terms of the Agreements, contributions to the Funds are due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

10.    Under the terms of the Agreements, any employer who fails to make the

contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the amounts owed.

11. Under the terms of the Agreements to which Defendant is bound, Defendant is required to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

12. Beginning in January 1, 2011, Defendant has failed to report and/or pay contributions and/or liquidated damages owed to the Funds in violation of its contractual obligations and the obligations under State and Federal law.

13. As a direct and proximate result of Defendant's failure to pay contributions, Defendant's employees are in jeopardy of losing their health and welfare eligibility and benefits.

14. Defendant's actions in failing to make timely reports and contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and §301 of the LMRA. 29 U.S.C. § 185.

15. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), §301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements, Defendant is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against Defendant, Ruane Construction, Inc., as follows:

(a) Directing Defendant to submit its books and records to an audit on demand by Plaintiffs;

(b)  Entering judgment in a sum certain against Defendant on any amount shown due and owing pursuant to the audit, including unpaid contributions, liquidated damages, interest, audit costs and attorney's fees and costs;

(c)  Enjoining Defendant from violating the terms of the Agreements;

(d)  Awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate; and

(e)  Ordering Defendant to remain current in payment of all contributions to the Funds.

THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS; THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, Plaintiffs,

By:  WILLIAMSMCCARTHY, LLP

/s/  Troy E. Haggestad

Troy E. Haggestad (#06229384)
WILLIAMSMcCARTHY, LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815/987-8900