# NORTHERN ILLINOIS
## OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION

### MEMORANDUM OF AGREEMENT

This Agreement is entered into by and between Cement Masons and Plasterers Local No. 11 of Northern Illinois, affiliated with the Operative Plasterers and Cement Masons International Association, AFL-CIO (collectively referred to as the "Union") and;

_____Ruane Const._____
(referred to as the "Employer").

1. Employer, in response to the Union's claim that it represents an uncoerced majority of such Employer's employees, and upon the offer of the production of evidence thereof, acknowledges and agrees that there is no good-faith doubt that the Union has been authorized to, and in fact does, represent such majority of employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work, and other terms and conditions of employment.

2. The Master Collective Bargaining Agreements between the Union and the Employer Associations listed below, and all other associated employers, in the geographical jurisdiction of the Local Union, are hereby incorporated herein with the same force and effect as if herein set forth in full, with respect to wages, hours of work and fringe benefits, and all other terms and conditions of employment for all aforesaid Cement Mason, Plasterer and Shop Hand employees who are, have been, or will become employed by the Employer. The Employer affirms the Collective Bargaining Agreements between the Union and the Associations referred to above, as applicable to it, with all amendments thereto. The terms of this Agreement shall control in the event of a conflict with the Associations' agreements.

The Fox Valley General Contractors Association; The Lake County Contractors Development Association; The Contractors Association of Will and Grundy Counties; The Northwestern Illinois Contractors Association; The Northern Illinois Building Contractors Association, Inc.; The Illinois Valley Contractors Association; The Plastering Contractors Division, Lathing and Plastering Contractors Association of Rockford, Inc.; and any or all other Employer Associations which are party to a Collective Bargaining Agreement with the Union.

3. The Employer agrees to pay the amounts which it is obligated to pay under the aforementioned Master Collective Bargaining Agreements to the Welfare, Defined Benefit, Defined Contribution, and all other fringe benefit funds named therein; to become bound by and to be considered a party to the Trust Agreements upon which the funds are based; and acknowledges and agrees to be bound by any and all separate Agreements with the Trustees of the various funds, or any Agreements with the officials of the Union, as if it has signed the original copies of the Trust Instruments and any amendments thereto. The Employer ratifies and confirms the appointment of all of the Employer Trustees who shall, together with their Successor Trustees, designated in the manner provided in said Agreements and Declarations of Trust and jointly with an equal number of Trustees appointed by the Union, carry out the terms and conditions of the Trust Agreements.

4. The Employer further affirms and represents that all prior contributions to the various funds were made by duly authorized agents of the Employer at the proper rates for the appropriate periods of time; and that by making said prior contributions, the Employer evidenced the intent to be bound by the terms of the Trust Agreements and Collective Bargaining Agreements which were operative at the time the contributions were made; acknowledges the report form to be a sufficient instrument in writing to bind the Employer to the applicable Agreements. The Employer further agrees that the Trustees may, at any time, have an audit made of the payroll records of the Employer in connection with said contributions and/or reports. Where an audit discloses a difference between hours actually worked by an employee, and hours reported to the funds by the Employer, and where such audit discloses any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the Employer, if a corporation, or the owner or partners of the Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the funds as a result of such conduct.

5. Employers covered by this Memorandum of Agreement shall retain all the work traditionally performed by Cement Masons, Plasterers and Shop Hands. The Employer agrees that it will not cause any such traditionally-performed work


EXHIBIT A

to be done at the construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the Union. Any Employer who contracts out or sublets any part of the work coming within the jurisdiction of the Union shall act as Guarantor of each subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the Employer's violation of any provision of this paragraph will give the Union the right to take any other lawful action, including all remedies at law or equity.

6. It is further agreed that the Employer will pay all of its Cement Mason or Plasterer or Shop Hand employees on an hourly basis only. Piece-rate wages shall not, under any circumstances, be permitted.

7. In the event of any change in ownership, management or operation of the Employer's business, by sale or otherwise, it is agreed that as a condition of such transfer or change, it shall be provided in the instrument affecting such change, that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors, transferrers and assigns of the Employer, whether corporate or otherwise.

8. The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any failure to pay wages or contributions, or to accurately report hours to the fringe benefits funds as required by this Agreement.

9. This document is the complete written Agreement between the parties and can only be amended in writing by the parties. No other oral representations shall be binding on either party, nor shall any party rely upon such oral statements that may vary the terms of this written Agreement.

10. This Agreement shall remain in full force and effect through the expiration date of each of the Master Collective Bargaining Agreements, and shall continue in effect thereafter with respect to each successive Master Collective Bargaining Agreement, until terminated in the manner provided herein. Termination of this Agreement shall be accomplished only by providing written notice of intent to terminate to the other party by certified or registered mail. Upon delivery of such notice, this Memorandum shall be terminated 30 days thereafter (the "Termination Date"). The obligations of the parties under each of the Master Collective Bargaining Agreements shall continue in effect thereafter, however, until terminated with respect to each of them. Termination with respect to each Master Collective Bargaining Agreement shall occur upon the expiration of the Master Agreement in effect on the Termination Date; provided that it is no less than 60 days after the Termination Date; but, if not, upon expiration of the subsequent Master Agreement.

11. The Employer acknowledges and accepts facsimile signatures on this Agreement as if they were the original signatures. Employer further acknowledges receipt of a copy of the complete Memorandum of Agreement, and is further advised and acknowledges that it can obtain copies of any incorporated documents upon request from the Union or the funds.

IN WITNESS WHEREOF and in consideration of the mutual promises of the parties hereto, and for other good and valuable consideration, this Memorandum of Agreement was entered into this ___19th___ day of ___June___, 19_98_.

For the Employer:

Roxane Construction
Employer/Company Name

Frankfort IL
23564 S Harlem
Address

_____
Signature/Title

815 464-0688
Phone

For the Union:

Charles Fiorentino
Name

Business Agent
Title

president

2